### Case No. 13,888.

### In re THOMAS.

[10 Int. Rev. Rec. 53; 1 Chi. Leg. News, 245; 3 Am. Law Rev. 779.] [1]

District Court, N. D. Mississippi. 1869.

ARMY AND NAVY—MILITARY LAW—PAYMASTER'S CLERK—LIABILITY TO MILITARY TRIAL — HABEAS CORPUS.

A clerk while in the employ of a paymaster of the United States army, forged and altered certain vouchers in the disbursement of the reconstruction fund at Vicksburg, Mississippi, and was arrested and confined by the military authorities. On habeas corpus, held, such clerk was a person in the military service of the United States, and amenable to the law; rules and regulations thereof, and subject to trial before military tribunal. Prisoner remanded.

[Cited in U. S. v. Bogart, Case No. 14,616.]

[John Thomas, paymaster's clerk in Vicksburg, alleged to have altered certain vouchers, thereby defrauding the government, was arrested by order of General Gillem, and brought before the court on writ of habeas corpus. The relator's counsel claimed that the prisoner was wrongfully in custody, inasmuch as he was not in the military service. The return to the writ set forth that the relator was held to trial by a military tribunal for forgery; and the judge advocate maintained that under the act of March 2, 1863, the relator was amenable to trial by court martial exclusively, as a paymaster's clerk is a person in the military service.] [2]

HILL, District Judge. The relator in his application for release from confinement alleges that he is a citizen of the state of Ohio, and not in the military or naval service of the United States, and that he is illegally confined in the military prison of the United States by order of Major General A. Ames, commanding the Fourth military district of the United States, with other allegations not necessary to be stated for the decision of the question now presented. The return states that the relator, at the time of his arrest, was a clerk in the paymaster's office of the army of the U. S., stationed at Vicksburg, and that while acting in that capacity, he did on the 8th day of September, 1868, at Vicksburg, Warren county, Mississippi, knowingly, willfully and feloniously, alter and change a voucher for three dollars and seventy-five cents, to a voucher or claim for twenty-three dollars and seventy-five cents, in favor of one A. Warren, and that the true amount was paid to said Warren, and that the balance, being twenty dollars, was realized and received by the relator, and that said relator had committed other acts of the same nature, and for which he was arrested and held for trial before such military tribunal as the commanding general may appoint.

It is insisted by relator's counsel that a paymaster's clerk in the army of the United States is not subject to trial before a military tribunal unless he is an officer or enlisted soldier of the army of the United States. It is further insisted, that the relator, at the time the alleged offence was committed, was employed by the paymaster, who was then engaged in disbursing the reconstruction fund, and that the voucher charged to have been altered, was issued in the disbursement of that fund, which facts are admitted as true. It is further admitted, that the relator received his compensation out of the reconstruction fund.

The main question presented is, was the relator at the time of the alleged offence, and at the time of the arrest, liable to arrest and trial before a court martial, or other military tribunal of the army of the United States, for the alleged offence? The act charged, is made an offence by the 1st section of the act approved March 2d, 1863 [12 Stat. 696], for the punishment of frauds committed by persons in the military or naval service of the United States, and for the punishment of civilians who commit like offences. This section provides that any person in the military service of the United States, who shall commit any of the acts therein mentioned, of which the one charged is one, shall be deemed subject to the rules and regulations made for the military and naval forces of the United States, and any person so offending may be arrested and held for trial by a court martial, and if found guilty shall be punished by fine and imprisonment, or such other punishment as the court martial may adjudge, save the punishment of death.

The paymaster's clerk is an officer or person engaged in a particular department of the military service, and is so recognized; he is charged by the paymaster with the performance of important duties, in an important branch of the service; is required to take an oath as such, and receives a stipulated salary for his services, from the government, paid out of the military fund. He is not compelled to engage in this service, but when he does voluntarily so engage, he renders himself liable to the laws, rules and regulations connected therewith, and amenable to the military tribunals for any violations thereof, as therein prescribed. The reconstruction fund is placed in the hands of the paymaster general, and disbursed by the

---

[1] [3 Am. Law Rev. 779, contains only a partial report.]

[2] [From 1 Chi. Leg. News, 245.]

paymasters according to his orders. The relator was as much in the military service, in the performance of this duty as in that of any other connected with that office.

The 3d section of the act prescribes the punishment to be inflicted upon civilians who may commit like acts, that they shall be prosecuted in the civil courts of the United States. In such cases, or in cases in which the accused has been discharged from the service, before the arrest, the military tribunals have no jurisdiction, but the prosecution must be in the proper civil courts of the United States.

The relator being alone subject to trial before the military tribunal, must be remanded to the officer from whose custody he has been taken and to be subject to such proceedings as may be instituted against him for the alleged offences.